# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ANTOINE DARNELL LESLIE, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) NO. CIV-17-1159-HE |
| JASON BRYANT, Warden, | ) |
| Respondent. | ) |

## ORDER

Petitioner Antoine Leslie is a state prisoner who seeks habeas relief pursuant to 28 U.S.C. § 2254. He was convicted in the District Court of Canadian County, Oklahoma, after jury trial, of aggravated trafficking of illegal drugs. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed in an unpublished opinion. He then sought post-conviction relief from the trial court. His application was denied, and the OCCA affirmed on appeal.

Mr. Leslie later filed this petition for writ of habeas corpus, proceeding *pro se*. The petition was referred to U.S. Magistrate Judge Suzanne Mitchell for initial proceedings. Judge Mitchell has submitted a Report and Recommendation [Doc. #19, hereafter the "Report"] recommending that the petition be denied.

The factual background of the case and the circumstances underlying petitioner's conviction are thoroughly described in the Report, and need not be repeated here. Further, the Report accurately sets out the applicable standard for review in this habeas proceeding. That standard is deferential—indeed, doubly deferential as to claims of ineffective

assistance of counsel—to the OCCA's resolution of the issues raised here, all of which were first considered by the OCCA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant habeas relief only if the state court' adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance. Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). Rather, this court must defer to the state court determination of the issue so long as "reasonable minds reviewing the record might disagree about the finding in question." *Id.*

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016). In other words, this court's review is highly deferential to the determination of the OCCA. Further, as noted above, the review is doubly deferential as to issues involving claims of ineffective assistance of counsel. The Strickland v. Washington, 466 U.S. 688, 690-1 (1984), standard for such claims, like the § 2254(d) standard, is "highly deferential and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011).

When a state court bars a claim based upon adequate and independent state procedural grounds, federal courts must generally respect and apply the procedural bar to the specific claims. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A petitioner can only avoid the bar by showing cause for the default and actual resulting prejudice from the application of the bar, or by showing that failure to consider the defaulted claims will result in a fundamental miscarriage of justice. *Id*.

Petitioner raises five claims, three of which were determined to be procedurally barred by the OCCA, and two of which were denied on the merits. Petitioner is not entitled to habeas relief on any of his claims.

His first claim goes to the validity of the traffic stop and subsequent search that uncovered the evidence used to convict him. As the Report notes, such claims are not cognizable in habeas proceedings as long as the petitioner had a full and fair opportunity to litigate the Fourth Amendment claim. *See* Stone v. Powell, 428 U.S. 465, 494 (1976). And while petitioner claims that he was not given a full and fair opportunity, his arguments go to whether the state court correctly analyzed his claim, not whether the claim was fully and fairly litigated. The Report therefore correctly concluded that this claim fails.

In his third ground for relief, petitioner argues that appellate counsel was constitutionally ineffective for conceding the validity of the traffic stop and search. For substantially the reasons set out the in the Report, this court determines that this claim fails. It is clear that any attack on the stop or search would have failed on appeal. To that end, counsel cannot be said to have performed deficiently for not raising frivolous issues in the appellate proceedings.

The remaining claims were deemed procedurally barred by the OCCA, as they were not raised on appeal. Petitioner does not challenge the state bar as inadequate or non-independent, but rather claims in his objection that ineffective assistance of counsel provides cause and prejudice to avoid the bar. But petitioner did not raise any such argument in his petition or in his (two) reply briefs. Nor has he raised an independent ineffectiveness claim in this action regarding appellate counsel's alleged failure to raise the claims on appeal. By not raising this independent ineffectiveness claim and not even mentioning its utility as cause and prejudice until his objection, petitioner has waived these arguments. He therefore fails to show cause or prejudice to avoid the procedural bar for the remaining three claims.

Petitioner fails to show that he is entitled to relief. Therefore, for substantially the reasons stated in the Report, the Report is **ADOPTED**. Petitioner's petition for writ of habeas corpus [Doc. #1] is **DENIED**. A certificate of appealability is also **DENIED**. Judgment will enter accordingly.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE